<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
JOAN RAGUSA,                        :
                                    :
            Plaintiff,                :
                                    :   Civil Action No. 13-6093 (MAS)(TJB)
            v.                        :
                                    :
THE PORT AUTHORITY OF NY & NJ,      :   **MEMORANDUM OPINION**
*et al.*,                           :
                                    :
            Defendants.               :
_____ :

<u>**SHIPP, District Judge**</u>

       This matter comes before the Court upon the Port Authority of New York and New Jersey's ("Defendant" or "Port Authority") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Br., ECF No. 8-7.) Plaintiff Joan Ragusa ("Plaintiff" or "Ms. Ragusa") filed opposition (Pl.'s Opp'n, ECF No. 11) and Defendant replied (Def.'s Reply, ECF No. 13). The Court has carefully considered the submissions and has decided the motion without oral argument pursuant to Local Civil Rule 78.1. For the following reasons, and other good cause shown, Defendant's motion is DENIED.

**I.     <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

       On November 26, 2011, Ms. Ragusa was a patron at Liberty International Airport in Newark, New Jersey. (Am. Compl., ECF No. 2, ¶ 6.) En route to St. Maarten, Plaintiff passed through security screening at Terminal A-3, which was managed by the United States Department of Homeland Security's Transportation Security Administration ("TSA"), another Defendant in this action. (*Id.* ¶¶ 6-7.) After passing through security, Plaintiff turned around and put on her back brace. She then picked up her shoes and other belongings and, again, turned around in the same direction to put them on. As she turned around, however, Ms. Ragusa "tripped and fell over a TSA container cart that was

in the middle of the walkway." (*Id.* ¶ 7; *see also id.*, Ex. A.) As a result of her fall, Ms. Ragusa sustained "serious and permanent bodily injuries" to her knees, legs, back and neck, and has incurred medical expenses and other damages. (*Id.* ¶ 16.) Plaintiff alleges that these injuries are the result of Defendant's negligence. (*Id.* ¶ 15.)

Based on the foregoing allegations, on February 27, 2012, Plaintiff sent a Notice of Claim to the Port Authority, which was received by Defendant on March 1, 2012. (*Id.* ¶ 11; Facchini Cert., ECF No. 8-1, Ex. C; Cullen Cert., ECF No. 11-1, Ex. B.)[1] Thereafter, the Port Authority referred Plaintiff's claim to Defendant AFCO/Avports Management, LLC ("AFCO"). On March 27, 2012, a claims representative from Chartis Aerospace, insurers for AFCO, sent correspondence to Plaintiff's attorney stating that Plaintiff's claim should be directed to the TSA. (Am. Compl. ¶ 13, Ex. C.) Following up on its initial claim referral, on May 15, 2012, the Port Authority sent correspondence to Defendant AFCO stating that Ms. Ragusa's claim "falls within the provision of [AFCO's] agreement (ANB-984) with the Port Authority" and suggesting that AFCO handle the claim going forward. (Am. Compl. ¶ 12, Ex. B.)

On November 21, 2012, Plaintiff commenced an action against Defendants AFCO, the Port Authority, and the TSA (collectively, "Defendants") in the Superior Court of New Jersey, Ocean County (the "State Action") stemming from her November 26, 2011, incident at the airport. (Facchini Cert., Ex. D; Cullen Cert., Ex. E.) On February 27, 2013, before any Defendant responded to the State Action complaint, Plaintiff voluntarily dismissed the complaint without prejudice. (Facchini Cert., Ex.

---

[1] Exhibits cited by the Court are documents attached to or explicitly relied upon in the Amended Complaint and filings from Plaintiff's previous state court proceeding. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a document "integral to or explicitly relied upon" in a complaint may be considered on a motion to dismiss); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (on a motion to dismiss, courts may generally consider allegations in the complaint, exhibits attached to the complaint, and the available public record); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (courts may consider public documents and prior judicial proceedings on a motion to dismiss) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)).

E.) On the same day, Plaintiff filed a Federal Tort Claim Notice with the TSA, pursuant to the Federal Tort Claims Act. (Am. Compl. ¶ 14.) On April 30, 2013, the TSA sent correspondence to Plaintiff's counsel acknowledging its receipt of Plaintiff's Notice of Claim and providing that Plaintiff may file her claim in federal court if it is denied or unresolved within six months. (Cullen Cert., Ex. F.)

More than six months elapsed without denial or resolution of Plaintiff's claim against the TSA. (Am. Compl. ¶ 14.) On October 11, 2013, Plaintiff filed her Complaint and Amended Complaint in this Court against all three Defendants.[2]

## II.   STANDARD OF REVIEW

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.   DISCUSSION

Defendant moves to dismiss the Amended Complaint on the grounds that Plaintiff failed to comply with the requirements of N.J. Stat. Ann. § 32:1-163, which sets forth the conditions upon which a plaintiff may bring suit against the Port Authority.

---

[2] Plaintiff filed an Amended Complaint to correct scrivener's errors in the Complaint.

### A. Legal Standard

Prior to 1950, the Port Authority, as a bi-state agency of New Jersey and New York, "enjoyed complete sovereign immunity from suits of any sort in the courts of those states." *Campanello v. Port Auth. of N.Y. & N.J.*, 590 F. Supp. 2d 694, 701 n.10 (D.N.J. 2008) (internal quotations omitted). The Port Authority waived its immunity by statutes in both states, subject to certain conditions: (1) "[a]ny tort action premised on state law and brought pursuant to Section 32:1-163, must be commenced within one year after the cause of action therefore shall have accrued[,]" and (2) "a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced." *Id.* at 701; N.J. Stat. Ann. § 32:1-163.

As the New Jersey Appellate Division has explained, "[a]s an act in derogation of the common law, these requirements must be strictly construed as conditions precedent to the bringing of suit. Unlike a statute of limitations, the requirements are jurisdictional." *Matthews v. Port of N.Y. Auth.*, 163 N.J. Super. 83, 85 (Law Div. 1978), *aff'd*, 171 N.J. Super. 38 (App. Div. 1979); *accord Mullen v. Port Auth. of N.Y. & N.J.*, 100 F. Supp. 2d 249, 254-55 (D.N.J. 1999).

### B. Parties' Positions

The Port Authority does not dispute Plaintiff's compliance with the 60-day notice of claim requirement. (Def.'s Reply 2.) Instead, it contends that Plaintiff has not met the requirement of commencing an action within one year from the date the incident at the airport occurred, depriving the Court of subject matter jurisdiction of any claims against the Port Authority. (Def.'s Br. 1, 3-5.)

Plaintiff asserts, "in the instant case the 'jurisdictional' requirement that [the] Port Authority be sued within one year should be deemed inapplicable due to its multiple notices of the claim before the one year expired." (Pl.'s Opp'n 5.) In Plaintiff's view, her claim against the Port Authority should

survive because: (1) she has "substantially complied" with the notice requirement of N.J. Stat. Ann. § 32:1-163; and (2) Port Authority has not demonstrated that it has been prejudiced by Plaintiff's substantial compliance. (*Id.* at 4-6.)[3]

### C. Analysis

It is clear that Plaintiff did not strictly comply with the statute because she commenced this action on October 11, 2013, nearly two years after her cause of action accrued on November 26, 2011. *See Campanello*, 590 F. Supp. 2d at 701 (dismissing plaintiff's claims against the Port Authority because the cause of action was filed over two years after it accrued); *Doll v. Port Auth. Tran-Hudson Corp.*, 92 F. Supp. 2d 416, 423 (D.N.J. 2000) (dismissing plaintiff's tort claim as time-barred because it was filed months after the expiration of the one-year time period). However, Plaintiff appears to have met the requirements of § 32:1-163 when she commenced the State Action—on November 21, 2012—before the one-year deadline expired. According to Plaintiff, after receiving correspondence from the TSA stating that she needed to comply with the Federal Tort Claims Act, she dismissed the State Action and filed the instant action after waiting to hear from the TSA for six months. (Pl.'s Opp'n 2; Am. Comp. ¶ 14.) Therefore, the Court must consider whether the doctrine of substantial compliance may be applied under these circumstances, so that Plaintiff may sustain her claim against the Port Authority.

The purpose of the doctrine of substantial compliance "is to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose." *Hernandez v. Cullison*, No. 05-3038 (FLW), 2006 WL 1804579, at *13 (D.N.J. June 26, 2006) (citing *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 352 (2001)). "[H]owever[,] not every non-complying technical act is 'salvageable' by substantial compliance." *Avila v. Aramark Corp.*, No. 10-00326

---

[3] Plaintiff also argues that Defendant's motion to dismiss is premature until all parties have joined the matter. (Pl.'s Opp'n 3.) At the time Plaintiff filed her opposition, the TSA had been served but had not yet answered the Amended Complaint. The TSA filed its answer on February 5, 2014, so Plaintiff's argument is now moot. (TSA Ans., ECF No. 14.)

(FLW), 2010 WL 3025169, at *3 (D.N.J. July 30, 2010) (citations omitted). In order to overcome a technical error, a non-complying party must show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute. *Bernstein v. Board of Trustees*, 151 N.J. Super. 71 (App. Div. 1977); *Avila*, 2010 WL 3025169, at *3 (citing *Bernstein*).

As Plaintiff correctly asserts, New Jersey courts have consistently applied the substantial compliance doctrine to remedy technical defects with the notice requirement of § 32:1-163. *See Zamel v. Port Auth.*, 56 N.J. 1, 6-7 (1970) (resorting to the doctrine of substantial compliance to excuse the failure of plaintiff to file a timely notice of claim with the Port Authority where it had in hand, within the 60-day period provided by statute, substantially all of the information that would have been provided in the notice); *Santiago v. New York & New Jersey Port Auth.*, 429 N.J. Super. 150, 162 (App. Div. 2012) (recognizing the doctrine of "substantial compliance" as applied to the notice requirement, but affirming dismissal of plaintiff's complaint because plaintiff had no contact with the Port Authority before filing suit); *Williams v. Nat'l Car Rental Sys., Inc.*, 225 N.J. Super. 164, 170-71 (Law Div. 1988) (per curiam) (distinguishing *Zamel* and barring plaintiff's suit against the Port Authority because "no notice of claim was given to the Port Authority *before* suit was instituted") (emphasis in original).

Although Defendant asserts that "at no time has less than strict compliance with the [one-year filing] requirement . . . been allowed" (Def.'s Br. 4), recent case law suggests that "substantial compliance" with the deadline may be sufficient to sustain a claim against the Port Authority. *See Lafever v. NY/NJ Port Auth.*, No. L-1943-11, 2013 WL 3867185, at *3 (N.J. App. Div. July 29, 2013). In *Lafever*, an unpublished decision,[4] the New Jersey Appellate Division held that the holding in *Zamel*

---

[4] According to New Jersey state court local rules, "[n]o unpublished opinion shall constitute precedent or be binding upon any court." N.J. Prac. R. 1:36-3. However, unpublished state court opinions may be considered by a federal court as persuasive authority. *See, e.g., Kerrigan v. Otsuka Am. Pharm.,*

"applies to the one-year statute of limitations as well as the notice-of-claim requirement in N.J.S.A. 32:1–163." *Id.* at *3. In that case, Mr. Lafever filed suit against the Port Authority and other defendants eleven days after the expiration of the deadline under § 32:1-163. The Port Authority moved to dismiss, but plaintiff maintained that he had substantially complied with the statute. The trial court denied the Port Authority's motion and held that plaintiff had substantially complied with the one-year requirement because there was confusion regarding what entity should be sued. On appeal, the Port Authority argued that the doctrine of substantial compliance could not be applied to the one-year time requirement. After discussing *Zamel* and concluding that its holding applies to the one-year requirement, the court nevertheless reversed, reasoning that plaintiff had not substantially complied with the statute.

In light of *Lafever* and the circumstances of this case, the Court finds that Defendant has not met its burden under Rule 12(b)(6). As such, the Court declines to dismiss Plaintiff's claim until the parties have addressed the following issues: whether the doctrine of substantial compliance is applicable to the one-year filing deadline under N.J. Stat. Ann. § 32:1-163 and, if so, whether Plaintiff has substantially complied with it.

---

*Inc.*, 560 F. App'x 162, at *3 n.4 (3d Cir. 2014) ("[Plaintiff] argues that we cannot consider unpublished opinions when applying New Jersey law, given state court rules that bar such use. While we are not bound by unpublished state court decisions, we may look to them as persuasive authority when ascertaining state law." (citing *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 152 & n.6 (3d Cir.1988)); *Steele v. Aramark*, 535 F. App'x 137, 142 (3d Cir. 2013) ("While we are not bound by this unpublished decision of the Appellate Division of the Superior Court of New Jersey, we are persuaded by it."); *Marracco v. Kuder*, No. 08-713 (NLH), 2009 WL 235469, at *3 n.3 (D.N.J. Jan. 30, 2009) (noting that "[t]he comment to . . . Rule [1:36-3] recognizes that '[m]any opinions by appellate and trial courts are unpublished or stamped as unpublished opinions but are available and have been relied upon by both the bench and bar.' ").

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, it is hereby ordered that Defendant's motion to dismiss is denied. An Order will be entered consistent with this Opinion.

      /s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: July 31, 2014